[Crim. No. 5843.   Second Dist., Div. One.   Apr. 30, 1957.]

THE PEOPLE, Respondent, v. JAMES LEE BRIGHT, Appellant.

James Lee Bright, in pro. per., for Appellant.

No appearance for Respondent.

FOURT, J.—This is an appeal from a judgment of conviction for a violation of the provisions of section 459 of the Penal Code (burglary).

In an information filed in Los Angeles County, the defendant was charged with two counts of burglary, and further, in each count it was set forth that the defendant had been previously convicted of the crime of burglary and served a term in the state prison therefor. From the judgment of conviction of count I the defendant appeals.

The defendant was represented by counsel at the preliminary hearing. At the trial in the superior court, where the defendant was also represented by counsel, it was stipulated in substance that a trial by jury was waived and the matter was to be heard by the court without a jury, and the plaintiff's case in chief to be submitted upon the transcript of the testimony taken at the preliminary hearing and further that each side reserved the right to produce additional evidence if either so desired.

The facts as elicited from the record are substantially as follows: On or about May 15, 1956, a Lawrence G. Robinson resided in a room of a hotel located on Wall Street in Los Angeles. The room Robinson occupied was on the second floor and had one outside window which could be entered from a ledge on the outside of the building. The same ledge apparently projected to a point below the bathroom window. When Robinson would leave his room it was locked by means of a hasp and padlock from the outside, and on the day in question, when Robinson left his facility to go to work he locked the door in the usual fashion. That morning, after Robinson had left for work, one of the roomers in the hotel heard a noise in Robinson's room and noticing that the door was padlocked, went to the bathroom close by Robinson's room to attempt to see into that room from the bathroom window for the purposes of ascertaining what the cause of the noise was, and finding the bathroom locked, the roomer went to the porter of the hotel and advised him of what he

had heard and found. The porter and the roomer returned to the bathroom and "pushed the door open and caught the guy with the clothes," referring to the defendant. Robinson identified a suitcase and a considerable number of pieces of wearing apparel, found in the possession of the defendant under the circumstances related, as belonging to him and which were in his room when he left for work earlier in the day. The defendant, upon being confronted in the bathroom with the suitcase and the wearing apparel of Robinson, took flight, but was caught by the porter.

The defendant filed what purports to be a notice of appeal in his own proper person. When the matter was lodged in this court the defendant directed a letter to the court wherein the defendant, in substance, requests counsel to represent him in the cause. The matter was referred to the chairman of the Committee on Criminal Appeals of the Bar Association. The chairman of that committee, in turn, pursuant to the rules of the committee, submitted the matter to Frederick W. Mahl, Jr., an attorney and member of the panel on criminal appeals, who examined into the facts and the record and communicated with the defendant and thereafter directed a letter to the clerk of this court wherein it was stated: "After a complete study of the record in this case, and ascertaining from the defendant the particulars in which he felt his conviction was improper, it has been concluded that the defendant has no valid grounds of appeal." The defendant was then notified of the contents of the Mahl letter, and further was advised that he might file briefs on his own behalf, or might obtain private counsel, and he was also informed that, in any event, under rule 17a of Rules on Appeal, unless a brief was filed within 30 days of the date of the letter, the appeal would be dismissed unless good cause were shown. More than 30 days have elapsed, no brief has been filed and no good cause has been shown why it should not have been filed.

The matter should, in all probability, be dismissed; even so, we have carefully examined the record in this case. The facts as heretofore related speak for themselves and are amply sufficient to sustain the conviction. True it is that the defendant testified in his own behalf and denied entering Robinson's room, and denied taking the items referred to, but that simply made a conflict in the testimony which the trial court resolved against the defendant. ▮ Under the circumstances here presented, we are not authorized to determine the credibility

of witnesses, that being the duty of the trial court. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; Code Civ. Proc., §§ 1847, 2061.)

Judgment affirmed.

White, P. J., and Doran, J., concurred.